**SO ORDERED.**

**SIGNED this 04 day of September, 2008.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

KARA GWEN ALLRED

Case No.  08-32849

Debtor

**MEMORANDUM AND ORDER**

This contested matter came on for hearing on September 3, 2008, on the Motion By Chapter 13 Trustee to Dismiss With Prejudice (Motion to Dismiss) filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on August 4, 2008, requesting dismissal of the Debtor's Chapter 13 bankruptcy case with a 180-day refiling bar.  The Debtor did not appear.  The Trustee's Motion to Dismiss is grounded upon multiple prior bankruptcy filings by the Debtor.

From the record, the court makes the following findings:

1. The Voluntary Petition commencing the present Chapter 13 bankruptcy case was filed by the Debtor on June 30, 2008.

2. The present case represents the sixth Chapter 13 filing by the Debtor since January 4, 1999. The previous filings and the reasons for their dismissals as set forth by the Chapter 13 Trustee in her Motion to Dismiss are as follows: Case No. 99-30007 filed on January 4, 1999, and dismissed on June 4, 1999, on the Trustee's Motion to Dismiss For Plan Arrearages totaling $1,038.00; Case No. 99-32342 filed on June 8, 1999, and dismissed on February 10, 2000, on the Trustee's Motion to Dismiss For Plan Arrearages of $795.00; Case No. 00-31642 filed on April 24, 2000, and dismissed on June 9, 2000, for failure to commence plan payments within thirty days of filing; Case No. 00-32779 filed on July 14, 2000, and dismissed on March 8, 2001, on the Trustee's Motion to Dismiss For Plan Arrearages totaling $937.00; and Case No. 08-30070 filed on January 8, 2008, and dismissed on May 16, 2008, on the Trustee's Motion to Dismiss For Plan Arrearages totaling $3,535.00. In addition, the Debtor has not commenced plan payments as required by 11 U.S.C. § 1326(a) and the Trustee has not received a copy of the Debtor's current Federal Income Tax return as required by 11 U.S.C. § 521(e)(2)(A)(i).

It is fundamental that all bankruptcy cases must be filed in good faith. The court should consider both the Debtor's prior conduct and her present circumstances. *In re Glenn*, 288 B.R. 516, 519-20 (Bankr. E.D. Tenn. 2002). "Multiple filings by a debtor are not, in and of themselves, improper[; however,] a history of multiple filings and dismissal can be construed as bad faith." *Id.* at 520. "[I]f a debtor has flagrantly misused the bankruptcy process, the court may impose a bar on the ability of the debtor to re-file within a specific time period." *Id.*

Here, the Debtor has a history of multiple filings and dismissals, has failed to proceed with her present Chapter 13 case by commencing payments under her proposed plan, and has failed to appear and defend the Chapter 13 Trustee's Motion to Dismiss.

For the above reasons, the court directs the following:

1. The Chapter 13 Trustee's Motion to Dismiss is GRANTED and this Chapter 13 bankruptcy case is DISMISSED.

2. The Debtor Kara Gwen Allred is BARRED from filing another bankruptcy petition under title 11 of the United States Code for a period of one hundred eighty (180) days from the date of the entry of this Order.

3. The clerk shall serve this Order on all parties in interest, including the United States Trustee.

4. The unpaid filing fees totaling $274.00 are to be paid by the Debtor to the Clerk, U.S. Bankruptcy Court, Howard H. Baker, Jr. United States Courthouse, Suite 330, 800 Market Street, Knoxville, Tennessee 37902, by cash, certified check, cashiers check or money order within ten (10) days.

###